# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:11-cr-160
                                          Also Case No. 3:14-cv-302

                                          District Judge Thomas M. Rose
-  vs  -                                Magistrate Judge Michael R. Merz

ERIC NEWSOME,

                Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This § 2255 action is before the Court on Defendant's Objections (Doc. No. 78) to the Magistrate Judge's Report and Recommendations which recommended dismissal of this case with prejudice (the "Report," Doc. No. 77). Judge Rose has recommitted the case for reconsideration in light of the Objections (Doc. No. 79).

Newsome's Motion to Vacate claims he received ineffective assistance of counsel from both his trial and appellate attorneys. Applying the required standard for ineffective assistance[1], the Report concluded that neither of those attorneys performed deficiently because the claims Newsome asserts they should have raised were without merit.

Newsome objects first to the determination that his felonious assault conviction was for inflicting serious harm, citing "*Shepard*, 544 U.S. at 26" and "*Gibbs*, 626 F.3d at 352"

---

[1] That is, the standard adopted in *Strickland v. Washington,* 466 U.S. 668 (1984).

1

(Objections, Doc. No. 78, PageID 421). In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court held that "a later court determining the character of an admitted [prior offense] was limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding to which the defendant assented." *Id.* at 15. In concluding that Newsome's conviction for felonious assault was for a violent offense, the Report examined the statutory definition of felonious assault in Ohio Revised Code § 2903.11(A) (Report, Doc. No. 77, PageID 417-18). It also examined the charging document, the Indictment, in that prior case. *Id.* These are both acceptable sources under *Shepard* and *Gibbs*.

Newsome's second objection is to the Report's reference to the Montgomery County Clerk of Court's website for the indictment in Newsome's felonious assault case. He says this is a "clear and obvious error," but he doesn't say why. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *Graham v. Smith*, 292 F. Supp. 2d 153, 155, n.2 (D. Me. 2003); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 (E.D. Mich. 2004).

If Newsome's argument is that Judge Rose did not have a copy of the Indictment (paper or digital) in front of him when he found Newsome eligible for career offender treatment, that misses the point. Newsome's claim is that his trial attorney could have shown the prior conviction was not a violent offense, but the Indictment shows it was. Therefore if Mr. Mullins had raised the objection that it was not, a visit to the referenced website or a walk across the street to the Montgomery County Courthouse would have shown that the indictment was for a violent offense. It is not ineffective assistance of trial counsel to fail to do a futile act.

Newsome's third objection is that a person can violate Ohio Revised Code § 2903.11 without engaging in violence. While that may be true of Ohio Revised Code § 2903.11(A)(2) or 2903.11(B), it is not true of Ohio Revised Code § 2903.11(A)(1), the statute under which Newsome was charged. That statute unambiguously requires proof of causing serious physical harm to another.

Newsome's fourth objection is to the Magistrate Judge's reliance on the indictment alone, citing *United States v. Bernal-Aveja,* 414 F.3d 625, 628 (6th Cir. 2005), and *United States v. Armstaed*, 467 F.3d 943, 947-48 (6th Cir. 2006)(Doc. No. 78, PageID 422). In *Bernal-Aveja*, the prior conviction was for burglary under Ohio Revised Code § 2911.12 which can be a crime of violence or not, depending on what is charged. But every violation of Ohio Revised Code § 2903.11(A)(1) – the statute under which Newsome was convicted – involves serious physical harm to another person. In *Armstead*, the same situation existed where the statute could have been violated either violently or non-violently.

Newsome's fifth objection is to the Report's reliance in part on the police report for the felonious assault case (Doc. No. 78, PageID 423). While the Report quotes the police report, it does so by quoting from the Presentence Investigation Report ("PSI"). The issue before the Court on the 2255 Motion is whether Mr. Mullins could have avoided a finding of a prior violent offense by objecting to this portion of the PSI. For the reasons given above, he could not.

Newsome's sixth objection is to "the Report's hasty treatmen [sic] of Newsome's claim that counsel was ineffective for not challenging Newsome's probation conviction's [sic]. The report fail's [sic] to address the issue of how these probation conviction's [sic] was use [sic] to determine Newsome was a career offender." (Doc. No. 78, PageID 423.) In his Motion, Newsome claims he should only have received one point for the prior assault convictions which

3

resulted in probation sentences, rather than actual incarceration.  Examination of the PSI reveals the following assault convictions:

> ¶ 112  assault conviction in the Montgomery County Municipal Court May 27, 2003 – 180 days imprisonment imposed – two points assessed.
>
> ¶ 116  assault conviction in the Montgomery County Common Pleas Court February 9, 2006 – probation sentence imposed – one point assessed.
>
> ¶ 121  aggravated assault conviction in the Montgomery County Common Pleas Court June 17, 2008 – probation sentence imposed – one point assessed.
>
> ¶ 122  felonious assault conviction in the Montgomery County Common Pleas Court January 4, 2008 – probation sentence imposed – one point assessed.

In sum, Newsome is wrong in claiming he "received three criminal points for both of his assault prior convictions (Motion, Doc. No. 76, PageID 391).   Newsome received only two points for the prior assault conviction on which he was imprisoned and one point each for the three assault convictions on which he was placed on probation.

Newsome also claims that, since he was placed on probation, these are not really convictions. *Id.*  That is not the law in Ohio where a sentence of probation (or "community control" as it is now called) as part of the judgment of conviction.

Newsome repeats and amplifies this argument as his eighth objection (Doc. No. 28, PageID 423).

**Conclusion**

Upon reconsideration in light of the Objections, the Magistrate Judge again respectfully recommends that the Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

October 23, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).